JESSE E. AMES & another, assignees, *vs.* PATRICK A. SHEEHAN.

Suffolk.    January 24, 1894. — May 15, 1894.

Present: FIELD, C. J., ALLEN, MORTON, & BARKER, JJ.

*Recovery of Property of Insolvent Debtor taken on Execution procured by him in Fraud of Creditors.*

An assignee in insolvency cannot maintain a bill in equity against a judgment creditor of the insolvent debtor, to recover the value of property of the insolvent taken on execution to satisfy a judgment obtained against him on a promissory note given without consideration prior to the institution of proceedings in insolvency with a view to giving a preference, but his remedy is by an action at law under Pub. Sts. c. 157, § 96.

BILL IN EQUITY, filed August 8, 1893, by the assignees in insolvency of the joint and separate estates of David D. and Irving W. Snow, insolvent debtors, to vacate a judgment and to recover from the judgment creditor the value of property taken on an execution on a judgment obtained by him against the insolvents on promissory notes given by them without consideration prior to the institution of proceedings in insolvency with a view to giving a preference.

The bill alleged that the plaintiffs were the assignees in insolvency of the joint and separate estate of David D. and Irving W. Snow, copartners, who were, on June 16, 1893, adjudged insolvent debtors; that prior to the institution of proceedings in insolvency the insolvents, with intent to defraud their creditors, made four promissory notes without consideration payable to the order of the defendant; and that the defendant, participating in the fraudulent purpose of the insolvents to defraud their creditors, on May 13, 1893, brought actions on the notes against the insolvents, on which, on June 2, 1893, judgments against them amounting in the aggregate with interest and costs to $3,840.88 were obtained by default, and on June 5 executions were levied upon the stock in trade and fixtures of the insolvents, the same sold at auction, and the proceeds thereof applied in part satisfaction of the judgments. The prayer of the bill was that the judgments so obtained might be vacated, the levy set aside, and

the execution recalled; that the notes upon which the judgments were obtained be cancelled and delivered up to the plaintiffs; and that the defendant be ordered to pay to the plaintiffs the value of the property upon which he levied by virtue of the executions obtained by him.

The defendant demurred to the bill, and assigned as grounds of demurrer want of equity; that this court had no jurisdiction to grant the relief prayed for; that the plaintiffs' remedy, if any, is by a petition for review; and that the plaintiffs had a full, adequate, and complete remedy at law.

At the hearing the demurrer was sustained, and the bill dismissed; and the plaintiffs appealed.

*W. B. French*, for the plaintiffs.

*J. H. Blanchard*, for the defendant.

BARKER, J. Assuming that the facts stated in the bill are true, the plaintiffs have a plain, adequate, and complete remedy under the provisions of Pub. Sts. c. 157, § 96, to recover from the defendant the value of the property which he has caused to be taken and sold on the executions. Upon those facts the insolvents procured the property to be attached and seized on executions, with the view that it should thereby become the property of the defendant, and thus be put beyond the reach of their genuine creditors so as to defraud them. Before procuring the property to be attached the insolvents gave to the defendant four promissory notes without consideration, and when the attachments were made it was in suits upon these notes, which were then held by the defendant. His possession of these notes, although they were without consideration, constituted him a person who had a claim against the insolvents, within the meaning of the language of Pub. Sts. c. 157, § 96; and the intention of the insolvents that he should become the owner of the property by means of the attachments and subsequent levies was " a view to give a preference " within the meaning of the same section. On the part of the defendant, the only inference from the facts alleged is that he knew that the makers of the false notes were insolvent, and that the whole transaction was in fraud of the insolvent laws. The result is that the demurrer must be sustained and the bill dismissed.

*So ordered.*